IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| L<small>A</small>S<small>HEIKA</small> F<small>RANKLIN</small> and M<small>IRANDA</small> W<small>HITEHEAD</small>, : <br> : <br> **Plaintiffs,** : <br> : Civil Action No. _____ <br> **vs.** : <br> : <br> U<small>NIVERSAL</small> P<small>ROTECTION</small> S<small>ERVICE</small>, LLC d/b/a Allied Universal, : <br> : <br> : Jury Trial Demanded <br> **Defendant.** : | |

## COMPLAINT

Plaintiffs LaSheika Franklin ("Franklin") and Miranda Whitehead ("Whitehead") bring this Complaint against Defendant Universal Protection Service, LLC ("Universal") and show the Court as follows:

**INTRODUCTION**

1.

In this FLSA overtime action, Plaintiffs Franklin and Whitehead allege that Defendant Universal failed to pay them at one-and-one half times their regular hourly rate for all work performed over forty hours during each work week of their employment.

2.

Prior to filing this action, Plaintiffs made multiple attempts to initiate settlement discussions with Universal, but the company offered no meaningful response to Plaintiffs' repeated inquiries.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Universal is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Plaintiff Franklin resides in Fulton County, Georgia.

6.

Plaintiff Whitehead resides in Gwinnett County, Georgia.

7.

Universal is a foreign corporation organized under the laws of the State of Delaware and registered to do business in Georgia.

8.

Universal is subject to the personal jurisdiction of this Court.

9.

Universal may be served with process through its registered agent, C T Corporation System at 289 S. Culver Street, Lawrenceville, Gwinnett County, GA 30046-4805.

**Employment Relationship**

10.

Universal is a facility security services company operating in all 50 states. Among other things, it provides security personnel to retail sales facilities such as shopping malls.

11.

Franklin worked for Universal in the positions of supervisor and dispatcher from approximately June 24, 2017 through November 8, 2018.

12.

Whitehead worked for Universal in the position of dispatcher from approximately December 26, 2017 through October 26, 2018.

13.

At all relevant times, Plaintiffs worked for Universal in support of the company's security services on the premises of The Shops Buckhead Atlanta in Atlanta, Georgia.

14.

At all relevant times, Universal was Franklin's "employer" within the meaning of 29 U.S.C. §203(d).

15.

At all relevant times, Universal was Whitehead's "employer" within the meaning of 29 U.S.C. §203(d).

**Enterprise Coverage**

16.

During 2017, Universal had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

During 2018, Universal had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2017, Universal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2018, Universal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2017, Universal had an annual gross volume of sales made or business done of at least $500,000.

21.

During 2018, Universal had an annual gross volume of sales made or business done of at least $500,000.

22.

At all times material hereto, Universal was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**Non-Exempt Employee Status**

23.

Throughout her employment with Universal, Franklin was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

24.

Throughout her employment with Universal, Whitehead was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

25.

Throughout her employment with Universal, Franklin was not employed in a bona fide professional capacity within the scope of 29 USC § 213 (a).

26.

Throughout her employment with Universal, Whitehead was not employed in a bona fide professional capacity within the scope of 29 USC § 213 (a).

27.

Throughout her employment with Universal, Franklin was not employed in a bona fide administrative capacity within the scope of 29 USC § 213 (a).

28.

Throughout her employment with Universal, Whitehead was not employed in a bona fide administrative capacity within the scope of 29 USC § 213 (a).

29.

Throughout her employment with Universal, Franklin was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

30.

Throughout her employment with Universal, Whitehead was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

31.

Throughout her employment with Universal, Franklin was not employed in the capacity of an "outside salesman" within the meaning of 29 USC § 213 (a).

32.

Throughout her employment with Universal, Whitehead was not employed in the capacity of an "outside salesman" within the meaning of 29 USC § 213 (a).

**Overtime Violation**

33.

Throughout their employment by Universal, Plaintiffs were typically scheduled to work 40 hours per week.

34.

Throughout their employment by Universal, Plaintiffs' supervisor—Dino Callahan, Universal's Director of Security at The Shops Buckhead Atlanta—regularly required Plaintiffs to work off-the-clock at the ends of their scheduled shifts.

35.

When Plaintiffs recorded time worked in excess of 40 hours, Callahan would alter their time records to falsely reflect that only 40 hours were worked.

36.

Plaintiff Franklin complained to Universal's management about the off-the-clock work on numerous occasions, but nothing was changed and Plaintiff Franklin subsequently received reprimands in retaliation for her complaints.

37.

The amount of unpaid time worked by Plaintiffs varied each week.

38.

In the absence of time and pay records, Plaintiffs estimate that their unpaid time averaged one hour per week throughout their employment.

39.

Throughout her employment by Universal, Franklin was compensated at a rate of approximately $13 per hour.

40.

Throughout her employment by Universal, Whitehead was compensated at a rate of approximately $13 per hour.

41.

Franklin estimates that her unpaid overtime wages total $1,384.50, which represents 71 weeks of work, with 1 hour of unpaid overtime wages per week accruing at the rate of $19.50 per hour.

42.

Whitehead estimates that her unpaid overtime wages total $838.50, which represents 43 weeks of work, with 1 hour of unpaid overtime wages per week accruing at the rate of $19.50 per hour.

### COUNT I — FAILURE TO PAY OVERTIME WAGES

43.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

44.

At all relevant times, Plaintiffs were employees covered by the FLSA and entitled to the maximum hour protections set forth in 29 U.S.C. § 207(a).

45.

During her employment with Universal, Plaintiffs regularly worked in excess of forty (40) hours each week.

46.

Universal failed to pay Plaintiffs at one-and-one-half times their regular rate for work in excess of forty (40) hours in any week.

47.

Plaintiffs are entitled to payment of their unpaid overtime wages in an amount to be determined at trial.

48.

Plaintiffs are entitled to recover liquidated damages in an amount equal to their unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

49.

Defendant's violations of the FLSA were not done in good faith.

50.

Plaintiffs are entitled to recover their litigation costs, including their reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. Take jurisdiction of this matter;

2. Grant a trial by jury as to all matters properly triable to a jury;

3. Issue a judgment declaring that each Plaintiff was covered by the provisions of the FLSA and not subject to any exemptions from the overtime pay provisions of the FLSA;

4. Issue a judgment that Defendant has failed to comply with the requirements of the FLSA;

5. Award each Plaintiff payment for each overtime hour worked during their employment, calculated at one and one-half times each Plaintiff's regular hourly rate, plus liquidated damages equaling 100% of overtime pay due to each Plaintiff, as required by the FLSA;

6. To the extent that liquidated damages are not awarded, award each Plaintiff prejudgment interest on all amounts owed;

7. Award each Plaintiff nominal damages;

8. Award each Plaintiff her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

9. Award any and such other further relief this Court deems just, equitable and proper.

This 20th day of March 2019,

                                              Respectfully submitted,

                                              **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

|  |  |
|---|---|
|  | */s/ Matthew W. Herrington* |
| 3100 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3150 | Georgia Bar No. 275411 |
| (404) 979-3170 (f) |  |
| charlesbridgers@dcbflegal.com | Counsel for Plaintiff |
| matthew.herrington@dcbflegal.com |  |