IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LaSheika Franklin and Miranda Whitehead,**<br><br>Plaintiffs,<br><br>vs.<br><br>**Universal Protection Service, LLC d/b/a Allied Universal,**<br><br>Defendant. | Civil Action No. 1:19-cv-1281-MLB |

**Memorandum of Law in Support of the Parties' Joint Motion for FLSA Settlement Approval**

**I.     The Parties have reached a Settlement Agreement.**

Plaintiffs Franklin and Whitehead, together with Defendant Universal Protection Service, seek Court approval of two FLSA Settlement Agreements (attached hereto as <u>Exhibits A and B</u>), *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (requiring court approval of any settlement of FLSA minimum wage and overtime claims). The Settlements, which were reached after arms-length negotiations, will provide all the relief sought by Plaintiffs and will permit the Parties to avoid the time, expense, and uncertainty of

protracted litigation.[1] Accordingly, the Parties request that the Court enter the attached Proposed Order Approving the Settlements and administratively close this action, pending Plaintiffs' dismissal with prejudice. In support of this Motion, the Parties show the Court as follows:

## II.   Background

Plaintiffs Franklin and Whitehead worked for Defendant Universal as security personnel from June 24, 2017, through November 8, 2018 (Franklin) and from December 26, 2017, through October 26, 2018 (Whitehead). Plaintiffs allege that, throughout their employment, they were regularly scheduled to work 40 hours per week, but were also required to work off the clock at the ends of their shifts. They estimate that this off-the-clock work resulted in 1 hour per week of unpaid overtime wages. Based on their regularly hourly rates of $13 per hour, Plaintiffs estimate that they are entitled to recover the following as damages:

    Franklin:     $1,384.50 in overtime wages; $1,384.50 in liquidated damages

    Whitehead:  $838.50 in overtime wages; $838.50 in liquidated damages

To date, Plaintiffs' counsel have incurred over $5,000 in fees associated with their representation of Plaintiffs.

---

[1]   Although a responsive pleading was never filed in this case, Defendant denies all substantive allegations in the Complaint.

Defendant expressly denies having engaged in any wrongdoing or unlawful conduct in this lawsuit. Nevertheless, the Parties have entered into this Settlement as a compromise to avoid the risks, distractions, and costs that will result from further litigation.

The Parties have engaged in arms-length negotiations and have reached a compromise agreement of Plaintiff's FLSA overtime claim. The FLSA claim covered by this Settlement is disputed and the Settlement does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendant to Plaintiff.

**The Parties' Settlement Agreements calls for Plaintiffs to receive 100% of their estimates unpaid overtime wages and liquidated damages**. Plaintiffs' counsel will recover approximately 80% of their fees and costs incurred to date, billed at their regular rates of $425 for members, $325 for associates, $165 for senior paralegals, and $125 for other paralegals. These hourly rates previously have been approved by this Court as reasonable on numerous occasions.

### III. Legal Authority

#### A. The FLSA Permits the Settlement and Release of Claims with Court Approval.

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released. First, Section 216(c) of the FLSA allows individuals to settle and waive their claims under the FLSA if the payment of alleged unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353. Second, in the context of a private lawsuit brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.

#### B. The Settlement is a Fair and Reasonable Resolution of the Bona Fide Disputes between the Parties.

Following good faith, arms-length negotiations, the Parties reached a settlement of Plaintiffs' FLSA overtime claims. The proposed Settlement arises out of an FLSA lawsuit brought by Plaintiffs against Defendant, which was adversarial in nature. Plaintiffs were represented by experienced counsel. The Parties reached the Settlement following significant negotiations. Plaintiffs acknowledge that the Settlement reflects a reasonable compromise.

The attorney's fees that Plaintiff's counsel will recover are based on hours actually expended in litigating this action and reflect hourly rates that have been approved as reasonable by judges in this District on numerous occasions. *See*, *e.g.*, *Villa-Garcia v. Latin Mundo #2, Inc. et al.,* 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga. Feb. 21, 2018); *Mullen v. Teach-BAK, LLC et al.*, 1:17-cv-3956-SCJ, Dkt. 21 (N.D. Ga. July 20, 2018); *Castell et al. v. Castellucci Hospitality Group, Inc. et al.*, 1:18-cv-899-CAP, Dkt. 14 (N.D. Ga. Aug. 9, 2018); *Ballard v. The Townsend Corporation et al.*, 1:18-cv-3096-TWT, Dkt. 15 (N.D. Ga. Dec. 17, 2018).

The Parties believe the Settlement reached is fair and reasonable, and adequately compensates Plaintiffs for their alleged unpaid overtime wages, and thus should be approved by the Court.

**IV.  Conclusion**

WHEREFORE, the Parties respectfully request that the Court approve their Settlement Agreement, and, upon approval of the settlement, that the Court administratively close this action pending Plaintiffs' dismissal with prejudice upon receipt of all settlement payments. A proposed Order is attached for the Court's convenience.

Dated: April 24, 2019

                                                       Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLL**

*/s/ Matthew W. Herrington*
Mitchell D. Benjamin
Georgia Bar No. 049888
Matthew W. Herrington
Georgia Bar No. 275411

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, GA 30303
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiff

**MARTENSON, HASBROUCK &
SIMON LLP**

*/s/ Wes R, McCart*
Wes R. McCart
Georgia Bar No. 122355
Evan S. Weiss
Georgia Bar No. 542254

3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
wmccart@martensonlaw.com
eweiss@martensonlaw.com

Counsel for Defendant

### CERTIFICATION OF COMPLIANCE

I certify pursuant to Local Rule 7.1(D) that this brief was prepared in Times New Roman, 14-point font, in compliance with LR 5.1(C), NDGa.

                                                       */s/ Matthew W. Herrington*
                                                       Matthew W. Herrington
                                                      Georgia Bar No. 275411