IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LaSheika Franklin and Miranda Whitehead,

                Plaintiffs,

v.

Universal Protection Service, LLC,

                Defendant.

_____/

Case No. 1:19-cv-01281

Michael L. Brown
United States District Judge

## **ORDER**

This matter is before the Court on the parties' Joint Motion for Settlement Approval, (Dkt. 6). The parties request that the Court review and approve the Settlement Agreements, (Dkts. 6-2, 6-3), and dismiss this action with prejudice.

The purpose of the Fair Labor Standards Act ("FLSA") is to protect workers from substandard wages and working conditions. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Because there is often significant inequity in bargaining power between employers and employees, Congress made the FLSA provisions

mandatory and prohibited an employer and an employee from settling an employee's FLSA claims without either (1) supervision by the Secretary of Labor or (2) approval by a district court. *Id.* at 1352–53. To ensure that a FLSA settlement reflects a reasonable compromise of disputed issues, district courts must review a FLSA settlement for two things: (1) whether the settlement is fair and reasonable to the employee; and (2) whether the settlement impermissibly frustrates implementation of the FLSA. *Id.* at 1354–55. District courts must also review the reasonableness of counsels' legal fees. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). FLSA settlements should not contain confidentiality provisions that impermissibly frustrate the purpose of the FLSA by silencing an employee who has vindicated a disputed FLSA right. *See Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302, 1305–06 (N.D. Ga. 2017).

    The Court has reviewed the parties' Motion, the Settlement Agreements, and the record. The Court finds that the settlements (1) are fair to the named Plaintiffs; (2) reflect a reasonable compromise over the issues that are in dispute here; and (3) show a good-faith intention by the parties to resolve fully Plaintiffs' claims. The Court also finds that the

settlements (1) arrived at a fair disposition of the claims and (2) arrived at a fair and reasonable settlement of the attorneys' fees and costs of litigation. *See generally Lynn's Food Stores*, 679 F.2d at 1353.

The Court, therefore, **GRANTS** the parties' Joint Motion for Settlement Approval, (Dkt. 6); **APPROVES** the parties' Settlement Agreements; and **DISMISSES** this action **WITH PREJUDICE**. The Court retains jurisdiction over this action to enforce the Settlement Agreements.

**SO ORDERED** this 6th day of May, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE